UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BRINKS HOME SECURITY, INC., | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CIVIL ACTION NO. 3: 07-CV-0437-B |
|  | § |  |
| JIM ROJAS, | § |  |
|  | § |  |
| Defendant. | § |  |

## MEMORANDUM ORDER

In this civil patent infringement action, the Court granted Plaintiff's Motion for Entry of Default Judgment and, for the evidence set forth at the October 26, 2007 hearing and submitted with Plaintiff's Complaint and Motion, entered a damages judgment in the amount of $ 24,750 for the value of converted Brink's-owned equipment and converted the preliminary injunction into a permanent injunction (doc. 61). The Court, however, stayed enforcement of its Order pending its show cause hearing re-set for April 1, 2008, a hearing in which Defendant finally obeyed the Court's order and appeared in person.[1]

At the hearing, Defendant had the opportunity to show cause why the Court should modify or vacate its March 31st Order. As the record reflects, Defendant failed in his burden. Plaintiff was also afforded the opportunity to move the Court to modify the $24,750 damages

---

[1] Prior to his first appearance on April 1, 2008, the Court found that Defendant had engaged in contumacious conduct by steadfastly refusing to obey the Court's orders. The Court initially found him in civil contempt (doc. 49), but his continued refusal to obey the Court's orders compelled the Court to refer his actions to the U.S. Attorney's Office for the Northern District of Texas for criminal contempt (doc. 55). On March 21, 2008, the U.S. Attorney's Office advised Defendant and all parties in this civil action of its intent to pursue criminal prosecution of Defendant for criminal contempt (doc. 58). On March 24, 2008, Defendant moved to appoint counsel (doc. 59). That motion, however, should not be made in the instant civil matter, but rather the yet to be filed criminal action where Defendant is entitled to all criminal due process rights, including the right to counsel. For that reason, the Court will direct the Clerk of the Court to unfile Defendant's motion in this civil action and re-docket it under the criminal docket number at the appropriate time.

judgment or the permanent injunction. *See United States v. Shipco Gen, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (noting after default plaintiff's allegations are taken as true except for damages); *see also Vadie v. Mississippi State Univ.*, 218 F.3d 365 (5th Cir. 2000) (permitting court to *sua sponte* suggest remittitur). Plaintiff moved the Court to modify the permanent injunction only because the current injunction was too narrow to redress Plaintiff's harm. *See Exxon Corp. v. Texas Motor Exchange*, 628 F.2d 500, 503-04 (5th Cir. 1980) (articulating standards to modify original injunction); *see generally* 11 C. Wright & Miller, Federal Practice and Procedure § 2961 (advocating modification when injunction not producing intended results).

For the reasons and evidence set forth on the record by Plaintiff's counsel, the Court hereby lifts the stay of enforcement and finds good cause exists to modify the permanent injunction as follows:

A.   Injunctive and Equitable Relief

Defendant Jim Rojas, and his agents, servants, and employees, and all parties in active concert or participation with him, including all parties assisting in the maintenance and publication of the website located at www.tech-man.com, and all parties assisting Defendant in sales or distribution of Brink's-related merchandise and/or services are hereby permanently enjoined and restrained from:

1.   Selling, offering for sale, or otherwise using or distributing any Brink's security equipment, including any parts of any installed Brink's home security system, unless it is verified by Brink's in writing in advance that such equipment is not the property of Brink's;

2.   Possessing, using, selling, offering for sale, or distributing any Brink's programmers;

3.   Offering or providing the service of unlocking, removing or changing lockout codes that protect Brink's control panels, or distributing, selling, providing, distributing or disseminating instructions for doing so;

4.	Infringing or assisting in the infringement of U.S. Patent No. 5,805,064 owned by Brink's (hereafter, the "'064 Patent"), including contributing to the use of the patented technology, or inducing the use of the patented technology, by selling, distributing or otherwise making available any Brink's proprietary security system keypad panels (because the Brink's keypad panel is a key component of the invention claimed by the '064 Patent);

5.	Violating Brink's rights under 17 U.S.C. § 1201, including circumventing lockout codes on Brink's control panels, and/or selling, providing, distributing, or disseminating instructions and/or tools to facilitate the circumvention of such lockout codes;

6.	Using or disseminating Brink's trade secrets, such as the lockout codes on Brink's control panels; the software, methods and/or codes by which the Brink's programmer works; methods of resetting lockout codes on Brink's control panels; or Brink's installation manuals, programming manuals, instructions, methods and/or procedures; and

7.	Interfering with Brink's contracts and relationships with its customers, such as by assisting or promoting the substitution of security monitoring services offered by a different vendor for such services provided by Brink's; or by facilitating such a vendor change by resetting, removing or circumventing the lockout codes on Brink's control panels, or by providing or distributing instructions for resetting, removing or circumventing such lockout codes.

B.	Mandatory Relief including Reporting and Verification Requirements

Defendant Rojas shall, no later than **5:00 p.m. on April 30, 2008**:

1.	Immediately return to Brink's (by delivery to Brink's counsel, Mark Sableman and Timothy Krieger, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101) all Brink's equipment (including control panels, keypads, sensors, wiring, programmers, and any other Brink's owned materials, including without limitation all materials which were owned by Brink's pursuant to any Protective Services Agreement between Brink's and any of its customers) and all

Brink's installation and programming manuals currently in Rojas' possession; and

      2.      Cause a copy of this Final Judgment on Default to be mailed and/or personally delivered to each person or entity to whom Rojas has sold, or has otherwise provided or distributed, Brink's equipment, or Brink's installation or programming manuals, or for whom Rojas removed, unlocked or changed lockout codes, or otherwise provided control panel unlocking services with respect to any Brink's equipment or systems; and

      3.      File in this action a notarized report stating that Rojas has complied with, and is complying with, all requirements of sections A and B of this Final Judgment On Default.

The Court directs the Clerk of Court to send this Order to the Defendant by mail return receipt requested and via electronic mail at jrojas@tech-man.com.

**SO ORDERED**.

**SIGNED April 7, 2008**

                                              _____
                                              JANE J. BOYLE
                                              UNITED STATES DISTRICT JUDGE